IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| JOSEPH LODUCA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CV-01691-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| SUNDAR PICHAI, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

## I.    INTRODUCTION

This action was removed to this court from the Court of Common Pleas of Allegheny County, Pennsylvania on November 18, 2021 by Defendant Sundar Pichai. Plaintiff Joseph Loduca initiated this action pro se against Defendant Pichai, as the Chief Executive Officer of Google Corporation for allegedly using Plaintiff's name and likeness in violation of a bevy of federal laws. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331.

Presently before the court is Plaintiff's motion to remand (ECF No. 5). For the reasons that follow, Plaintiff's motion is denied.

## II.    DISCUSSION

a.   Plaintiff's Motion for Attorney Disqualification

Plaintiff filed a motion to remand to state court arguing that the law firm that represents Defendant previously represented Plaintiff in another case. Due to the leniency afforded to pro se litigants, the Court will construe Plaintiff's motion as one for attorney disqualification.

1

"[A] court may disqualify an attorney only when 'disqualification is an appropriate means of enforcing the applicable disciplinary rule[,]' keeping in mind 'any countervailing policies, such a permitting a litigant to return the counsel of his choice and enabling attorneys to practice without excessive restrictions.' " *Jackson v. Rohm & Haas Co.*, 366 F. App'x 342, 347 (3d Cir. 2010) (quoting *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980)). Plaintiff, as the party seeking disqualification, "bears the burden of showing that the representation is impermissible." *Jordan v. Philadelphia Hous. Auth.*, 337 F. Supp. 2d 666, 672 (E.D. Pa. 2004). This burden is an exceptionally heavy one, as courts in this Circuit generally disfavor motions to disqualify as abusive litigation tactics. See *Wise v. Washington Cnty.*, No. CIV.A. 10-1677, 2013 WL 5674460, at *3 (W.D. Pa. Oct. 17, 2013); *Wolf, Block, Schorr & Solis-Cohen LLP v. Navon*, No. CIV.A. 05-6038, 2006 WL 680915, at *1 (E.D. Pa. Mar. 9, 2006) ("motions to disqualify opposing counsel are disfavored ... not only because disqualification robs one's adversary of her counsel of choice, but also because of the risk ... one could subvert the ethical rules in an attempt to use them as a procedural weapon."); *Caracciolo v. Ballard*, 687 F. Supp. 159, 160–61 (E.D. Pa. 1988) ("The Code of Professional Responsibility is applied to deter professional misconduct, and to preserve the profession's standing in the community-it was not intended as an addition to the depressingly formidable array of dilatory strategies already part of the litigator's arsenal."). Therefore, disqualifying counsel is an extreme sanction and should only be used when "absolutely necessary." *Tiversa Holding Corp. v. LabMD, Inc.*, No. CIV.A. 13-1296, 2013 WL 6796538 (W.D. Pa. Dec. 20, 2013), at *2. "Conclusory statements of harmfulness without supporting evidence are insufficient to meet the moving party's burden." *Id.*

Plaintiff argues that he had the law firm of Tucker Arensberg, P.C. ("law firm") "on retainer." ECF No. 5 at 1. In response, Defendant maintains that Plaintiff previously engaged the

law firm in 2020 for the limited purpose of representing him in connection with a parole revocation hearing in the Court of Common Pleas of Snyder County, Pennsylvania and this limited representation concluded in or around September 2020, and the attorney who represented Plaintiff in that prior matter is not, and will not be involved in this action. ECF No. 10 at 1-2. Defendant also maintains that approximately one year later in November 2021, Plaintiff threatened to bring a lawsuit against the law firm for legal malpractice arising out of alleged constitutional violations, false imprisonment and cruel and unusual punishment and sought compensatory and punitive damages in the combined amount of $400,000. *Id*. Plaintiff replies that "my concern is that if there is a ruling in favor of Plaintiff, the Defendant won't say there is an after discovered fact of conflict of interest, that any ruling should be vacated. If the Defendant Pichari, S, agreed to wave(sic) this then we can proceed."[1] ECF No. 14.

Plaintiff has failed to meet his burden that Attorney Ryan James's representation is a conflict of interest that requires disqualification. Under Rule 1.9 of the Pennsylvania Rules of Professional Conduct, "[a] lawyer who has formerly represented a client in a matter shall not thereafter: (a) represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after a full disclosure of the circumstances and consultation; or (b) use information relating to the representation to the advantage of the former client[.]" Pa.R.Prof. Cond. 1.9. A matter is "substantially related" where "two representations of facts pertinent to the problems for which the original legal services were sought are relevant to subsequent litigation[,]" *Buschmeier v. G & G Invs., Inc.*, No. MISC. 02: 03MC00506, 2007 WL 4150408 at *7 (W.D. Pa. Nov. 19,

---

[1] While Plaintiff seemingly consents to the representation, because he is pro se, a full analysis regarding attorney disqualification is still appropriate.

2007) or if "they involved the same transaction or legal dispute." Pa. R. Prof. Cond. Expl. Cmt. 3. The court must discern (1) the nature and scope of the prior representation; (2) the nature of the current action; and (3) whether during the prior representation the client may have disclosed to his attorney confidential information which could be relevant to the current action. *Com. Ins. Co. v. Graphix Hot Line, Inc.*, 808 F. Supp. 1200, 1204 (E.D. Pa. 1992).

In the prior action, a different attorney at the law firm represented Plaintiff in a criminal matter related to a parole revocation. Plaintiff's current action is against the current CEO of Google for alleged misuse of Plaintiff's name and likeness in violation of copyright laws. There is no overlap between the two representations that would make it likely that Plaintiff disclosed confidential information in the representation of his parole revocation that would be relevant to his copyright infringement action here. Plaintiff provides no evidence that Attorney James's representation is impermissible and Plaintiff's vague and conclusory arguments do not carry his burden. Accordingly, Plaintiff's motion is denied. To the extent that Defendants argue that Plaintiff has waived his right to keep confidential communications relating to his parole revocation proceedings by threatening litigation, such an argument is not yet ripe, as there is no evidence that Plaintiff has formally filed and served any complaint against the law firm and any decision as to that argument would be premature.

Accordingly, the following Order is entered:

AND NOW, this 14th day of July, 2022,

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney Disqualification ECF No. 5 is DENIED.

By the Court:

s/ Cynthia Reed Eddy

                                            Cynthia Reed Eddy
                                            Chief United States Magistrate Judge

cc:    JOSEPH LODUCA
        QE-9661
        SCI MERCER
        801 BUTLER PIKE
        MERCER, PA 16137

        all registered counsel *via CM-ECF*