IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| JOSEPH LODUCA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CV-01691-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| SUNDAR PICHAI, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**MEMORANDUM OPINION**[1]

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

## I.   INTRODUCTION

This action was removed to this court from the Court of Common Pleas of Allegheny County, Pennsylvania on November 18, 2021 by Defendant Sundar Pichai. Plaintiff Joseph Loduca initiated this action pro se against Defendant Pichai, as the Chief Executive Officer of Google Corporation for allegedly using Plaintiff's name and likeness in violation of a bevy of federal laws.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331.

Presently before the Court is the following:

(1) Defendant Pichai's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and (12)(b)(6) (ECF No. 2).

For the reasons that follow, Defendant's motion to dismiss is granted.

---

[1]   All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

## II.   BACKGROUND

Plaintiff's complaint states in pertinent part:

> Sundar Pichai, Defendant, Chief Executive Officer of Google Corporation [d]id violate my rights under that(sic) Constitution and Laws of the United States of America and the State of Pennsylvania.  Joseph LoDuca a Sovereign Secure Party. Defendant used and continued to use my name, image, likeness, derivatives including Joe LoDuca, LoDuca Family, etc. which are copyrighted intellectual property registered under common law copyright, the Copyright Act of 1976 and the Copyright Clause of the U.S. Constitution, Article I, Sec. 8 Ch. 8.  Without any expressed written permission.  All users agree to terms established solely at the discretion of the Copyright owner. Mr. LoDuca has never relinquished any privacy rights. Mr. LoDuca is not collateral to any corporate entity and has never subordinated his position as a private man.  A sovereign secure party.  Defendant Mr. Sundar Pichai, using legislation (FOIA) to extort contributions of money, property, photos, likeness, private information and anything of value for benefit of profit.  Mr. LoDuca retains all rights enumerated within the Constitution of the U.S. and P.A. devoid of any unauthorized exception, usurpation of these sovereign rights.

ECF No. 1-2 at 6 (capitalization errors corrected without notation).

Plaintiff seeks declaratory and injunctive relief and compensatory damages in the amount of $20 million. *Id*. at 8. Due to the leniency afforded to pro se litigants, the Court will construe Plaintiff's complaint as alleging a common law copyright law claim, a claim for the violation of the Copyright Act, and a claim for unauthorized use of name or likeness under Pennsylvania law.[2]

## III.   STANDARD OF REVIEW

---

[2]  To the extent Plaintiff's complaint references Article I, Section 8, clause 8 of the United States Constitution (the "Patent and Copyright Clause"), the Court can discern no private right of action from the Patent and Copyright Clause and has found no jurisprudence promulgating a private right of action based upon this Clause.  Therefore, any purported claim based upon the Patent and Copyright Clause is dismissed with prejudice. *See Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 146, 109 S. Ct. 971, 975, 103 L. Ed. 2d 118 (1989) ("Article I, § 8, cl. 8, of the Constitution gives Congress the power '[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries.' "); *Swartz v. Bahr*, No. CV 16-12144-LTS, 2017 WL 2695290, at *4 (D. Mass. June 22, 2017) ("Private rights of action are not available pursuant to the . . . Patent and Copyright Clause.").

a. Pro se Litigants

A *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). As a result, a *pro se* complaint under § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). While *pro se* litigants are afforded this leniency, they "do not have a right to general legal advice from judges," and "courts need not provide substantive legal advice to *pro se* litigants" because *pro se* litigants must be treated "the same as any other litigant." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *U. S. ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner ... may be inartfully drawn and should be read "with a measure of tolerance")).

b. Federal Rule of Civil Procedure 12(b)(6)

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not

impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). Yet the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Fed. R. Civ. P. 12(b)(6) motion, the court's role is limited to determining whether a plaintiff has a right to offer evidence in support of his claims. *See Scheuer*

4

*v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).  The court does not consider whether a plaintiff will ultimately prevail. *Id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Even so, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached , without converting the motion into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359 F.3d 251, 256 (3d Cir. 2004) n. 5 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### IV.   DISCUSSION

Defendant raises myriad grounds for dismissal, including a lack of personal jurisdiction, failure to abide by Rule 8 and failure to state a claim under Rule 12(b)(6).  Because the Court finds that Plaintiff has failed to state a claim under Rule 12(b)(6), Defendant's alternate arguments supporting dismissal will not be addressed.[3]

First, to the extent that Plaintiff alleges claims under "common law copyright law," there

---

[3] The Court makes no substantive finding on whether it has personal jurisdiction over Defendant, and should Plaintiff seek leave to amend his complaint, Defendant may reassert this argument at the proper juncture, bearing in mind that such a decision must be based on evidence outside of the pleadings, and at this point, it would be error for the Court to make a determination on this issue without having afforded the parties to conduct any discovery on the matter. See *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) (explaining that a Rule 12(b)(2) analysis requires a "resolution of factual issues outside the pleadings" including "sworn affidavits or other competent evidence" and alluding that the plaintiff must be afforded an "opportunity to present whatever evidence it [sees] fit to adduce before the district court.").

is no recognizable common law copyright law, as the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), preempted common law copyright, and mandated that copyrights are protectable only in accordance with the Act. *See Mention v. Gessell*, 714 F.2d 87, 90 (9th Cir. 1983) ("The Copyright Act of 1976 preempts common law copyright claims, unless the claims arose from 'undertakings commenced before January 1, 1978.' " (citing 17 U.S.C. § 301(b)(2)); see also *Chaplin v. Coca Cola Beverages Ne.*, No. CV 21-351-RGA, 2022 WL 911134, at *2 (D. Del. Mar. 29, 2022) (same). No reasonable reading of Plaintiff's complaint could support a finding that his claims arose before 1978, and therefore, his claims under common law copyright law are dismissed with prejudice.

Next, to the extent that Plaintiff alleges claims under the Copyright Act, "Section 411 of the Copyright Act requires that a plaintiff must have a registered copyright before filing an infringement claim based upon that copyright." *Raucci v. Candy & Toy Factory*, 145 F. Supp. 3d 440, 450–51 (E.D. Pa. 2015) (citations omitted). Accordingly, copyright registration is a threshold "element of a copyright infringement action." *Raucci*, 145 F. Supp. 3d at 451 (citations omitted). While a plaintiff need not attach the copyright as an exhibit to the complaint, he must sufficiently allege in the pleadings that a copyright exists, and the court may take judicial notice at the motion to dismiss stage of the existence or non-existence of such a copyright. *Id.*

Plaintiff does not refer to any existence of a registered copyright and merely alleges that Defendant used his "image, likeness, derivatives including Joe LoDuca, LoDuca Family, etc. which are copyrighted intellectual property[.]" ECF No. 1-2 at 6. In response to the motion to dismiss, Plaintiff does not argue that he has a registered copyright in connection with his claims. A search conducted on the United States Copyright Office Public Catalog reveals that there does not appear to be any registered copyrights regarding "Joseph LoDuca", "Joe LoDuca", or "the

LoDuca Family" contrary to Plaintiff's allegations.[4]  Accordingly, Plaintiff's claim for violations of the Copyright Act is dismissed, as Plaintiff has failed to adequately allege the existence of a registered copyright. *See Johnson v. Carter*, No. CV 18-447, 2018 WL 2267824, at *2 (W.D. Pa. May 16, 2018) (dismissing plaintiff's copyright claim as frivolous where no copyright existed).  If Plaintiff can identify a registered copyright along with the other elements required to prove a violation of the Copyright Act, he may seek leave to amend his complaint consistent with the following Order.  If Plaintiff chooses to stand on his original complaint, dismissal of this claim will be amended to dismissal with prejudice.

Lastly, to the extent that Plaintiff asserts a claim under Pennsylvania law for use of his name and likeness without his consent under 42 Pa. Stat. and Cons. Stat. Ann. § 8316, Defendants are correct that Plaintiff has failed to adequately allege that Plaintiff's name or likeness has commercial value and Defendant misused Plaintiff's likeness for commercial or advertising purposes. *See Vogel v. W. T. Grant Co.*, 458 Pa. 124, 327 A.2d 133, 136 n.9 (1974).  Under Section 8361, "[a]ny natural person whose name or likeness has commercial value and is used for any commercial or advertising purpose without the written consent of such natural person . . . may bring an action to enjoin such unauthorized use and to recover damages for any loss or injury sustained by such use." 42 Pa. Cons. Stat. § 8316. See also *Lewis v. Marriott Int'l, Inc.*, 527 F. Supp. 2d 422, 428 (E.D. Pa. 2007).  Plaintiff offers no facts supporting his claim and bases his claim on conclusory allegations that Defendant used his "image, likeness, derivatives including Joe LoDuca, LoDuca Family, etc." and therefore this claim will be dismissed.  If Plaintiff can identify that his name and likeness have commercial value and were used without his consent for

---

[4]    There are, however, several musical composition copyrights registered to "Joseph LoDuca" in 2020, however, these copyrights do not appear to be the crux of Plaintiff's lawsuit, let alone that Plaintiff is the owner of said copyrights.

commercial or advertising purposes, he may seek leave to amend his complaint to include facts sufficient to state such a claim consistent with the following Order. If Plaintiff chooses to stand on his original complaint, dismissal of this claim will be amended to dismissal with prejudice.

Plaintiff is cautioned that by submitting a proposed amended complaint, he is required under Federal Rule of Civil Procedure 11(b)(2) "to conduct a reasonable inquiry into the legal underpinnings" of his causes of action before submitting an amended complaint to this court, and if he fails to do so, could face sanctions. *Karpov v. Karpov*, 307 F.R.D. 345, 348 (D. Del. 2015). Plaintiff's status as a pro se litigant does not shield him from sanctions under Rule 11. Plaintiff must "stop, think, investigate and research" the substance of his claims before filing his amended complaint. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987). If the filing of a pleading, including an amended complaint, constitutes "abusive litigation or misuse of the court's process[,]" it may be dismissed. *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994).

## V.   CONCLUSION

Based on the foregoing, Defendant's motion to dismiss is granted and Plaintiff's claim for common law copyright law is dismissed with prejudice, his claim for a Copyright Act violation is dismissed without prejudice and his claim for unauthorized use of name or likeness under Pennsylvania law is dismissed without prejudice. An appropriate Order follows.

Dated: July 14, 2022.                                         By the Court,
                                                              s/ Cynthia Reed Eddy
                                                              Cynthia Reed Eddy
                                                              Chief United States Magistrate Judge